## WIRGMAN a. HICKS.

*New York Superior Court ; Special Term, December,* 1857.

PLEADINGS ON NOTE.—SHAM ANSWER.—REQUISITES OF AFFIDA-
VITS ON MOTION.

An answer to a complaint on a promissory note setting up matter,—*e. g.* fraud in
the inception of the note, which, if proved, will call upon the plaintiff to show
himself to be a *bona fide* indorsee for value, before maturity,—is not to be strick-
en out as *sham,* because the defendant's affidavits do not fully deny the allega-
tions of the plaintiff's affidavits setting out his title.

That the plaintiff is such a holder, the defendant has a right to require shall be
established by a jury.

On a motion to strike out a pleading as *sham,* the pleader is not obliged to dis-
prove the allegations of the affidavits of the moving party respecting matters
not presumed to be within the pleader's knowledge, even though the mat-
ters are such as, if proved, will avoid the defence set up in the pleading.

Motion that defendant's answer be stricken out as sham.

The action was against the defendant as maker of a promisso-
ry note. The complaint, after showing the making of the note,
payable to the defendant's own order, averred "that the said de-
fendant, the payee of the said note, in writing indorsed the same
in blank, and that the same was transferred and delivered to the
plaintiffs, who are now the lawful owners and holders thereof."
The answer of the defendant stated "that he never received any
value for the making and indorsing of the promissory note men-
tioned in the complaint, and that the same was so made and
indorsed without any consideration whatever ; and he says that
his signature was obtained thereto as maker and indorser, by
false and fraudulent pretences, by" A., B., and C., naming third
parties, and setting forth the false representations by which the
note was obtained. And defendant further says, " upon infor-
mation and belief, that the said plaintiffs never gave any value
for said note, and that they are not *bona fide* holders thereof, and
gave no consideration whatever therefor."

The moving affidavits stated " that the plaintiffs were the
*bona fide* holders of the note for a valuable consideration paid
by them therefor in cash ; that they purchased the same before

maturity, and that they became such holders and owners thereof without notice of any of the matters set up in the defendant's answer." Admissions of the defendant, and promises to pay the note, made in conversation with the plaintiffs at the time of the plaintiffs' purchase of it, and before and after suit brought, were also alleged.

The affidavits on the part of the defendant were to the effect, that in the conversation which took place after the commencement of the action, he distinctly spoke of the fraud committed on him, by which the note was obtained, and that he had not discovered it until after suit brought; and that the parties who committed the fraud would, he presumed, settle the matter, if an extension was given, and if not, in the mean time he would determine what course he would pursue; and denied that he then made any promise to pay the note.

*Van Vorst & Beardslee*, for the motion.

*N. P. O'Brien*, opposed.

BOSWORTH, J.—The plaintiff moves to strike out the defendant's answer as sham. The answer is not shown to be untrue; but the moving affidavits state facts which, if true, would avoid the effect of the matter stated in the answer.

The matter stated in the answer, if proved, would compel the plaintiffs to prove themselves *bona fide* holders of the note before maturity, for value. The defendant has a right to have those facts established by a jury. Whether they are true or not, he cannot be necessarily presumed to know, and because he does not fully deny them, his answer for that cause is not to be stricken out as sham, which alleges that the note was procured from him by a gross fraud.

Motion denied.